Filed 2/24/22  P. v. Soto CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTIAN ABRAHAM SOTO,<br><br>Defendant and Appellant. | F078925<br><br>(Super. Ct. No. VCF240382B)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Michael P. Farrell, Assistant Attorney General, Christina H. Simpson, Julie A. Hokans and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Appellant.

-ooOoo-

[*]Before Levy, Acting P.J., Peña, J. and DeSantos, J.

## INTRODUCTION

Nine years ago, defendant Christian Abraham Soto pled guilty to attempted murder under an aiding and abetting theory in lieu of trial. After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), defendant petitioned for relief in the trial court under Penal Code section 1170.95, but the court denied his petition for failure to state a prima facie case since defendant entered a plea to attempted murder as opposed to murder. (Undesignated statutory references are to the Penal Code.) On appeal, defendant contended the trial court erred in denying his petition because due process and equal protection required extension of the petitioning procedure provided for in section 1170.95 to defendants, like him, who were convicted of attempted murder under the natural and probable consequences doctrine. In our initial opinion we affirmed the court's order denying defendant's petition on the grounds defendant was ineligible for relief under the plain language of section 1170.95, which limited relief to defendants convicted of murder under a now prohibited theory.

Defendant petitioned for review. The California Supreme Court granted the petition and transferred the case back to this court to reconsider it in light of newly enacted Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), which became effective January 1, 2022 and amended the language of section 1170.95. We requested and received supplemental briefing on the impact of Senate Bill 775 on this case.

Having now reconsidered the case, including the agreement of the parties that the court's order on defendant's petition should now be reversed and remanded, we will reverse the order denying the petition for resentencing and remand the matter to the superior court with directions to appoint defendant counsel and to hold further proceedings consistent with section 1170.95.

## FACTUAL BACKGROUND

In January 2011, defendant pled no contest to nonpremeditated attempted murder (§§ 187, 664) and disturbing the peace (§ 415, subd. (1)), with a firearm enhancement

2.

(§ 12022.53, subd. (c)) and a criminal gang enhancement (§ 186.22, subd. (b)). Pursuant to the plea agreement, as to the attempted murder conviction, defendant was sentenced to state prison for five years with an additional consecutive 20 years for the firearm enhancement, for a total of 25 years. He was also sentenced to an additional two years for the section 415 charge, which was ordered to run concurrently, and the criminal gang enhancement was stayed. At the sentencing hearing, the parties stipulated defendant was "being convicted on an aiding and abetting theory, he's not the shooter."

Eight years later, in February 2019, defendant petitioned for resentencing pursuant to Senate Bill 1437. In his petition, defendant argued his attempted murder conviction should be stricken in light of the abrogation of the natural and probable consequences doctrine. The trial court denied defendant's request for resentencing, noting he entered a plea to attempted murder on January 28, 2011, and could not establish eligibility for resentencing.

## DISCUSSION

In light of the passage of Senate Bill 775 and its amendments to the language of section 1170.95, the parties now agree defendant is entitled to a remand for the court to reconsider his petition for relief. We agree with the parties.

## I.     Senate Bills 1437 and 775

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) This was accomplished through amendments to sections 188 and 189. (Stats. 2018, ch. 1015, §§ 2–3.)

The legislation also added section 1170.95, providing a procedure by which defendants whose cases are final can seek retroactive relief if the changes in the law affect their previously sustained convictions. (Stats. 2018, ch. 1015, § 4.) Previously, section 1170.95 permitted those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (*Id.*, subd. (a).)

Pursuant to Senate Bill 775, effective January 1, 2022, the Legislature amended the language of section 1170.95, in part, by expressly permitting persons convicted of attempted murder under the natural and probable consequences doctrine to petition for relief. (Stats. 2021, ch. 661, § 2.)

Accordingly, under the amended statute, an offender may file a petition under section 1170.95 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3).)

Upon receiving a petition, if the petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1170.95, subd. (b)(3).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1170.95, subd. (c).) If

4.

the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court "shall issue an order to show cause." (*Ibid.*) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid.*) Within 60 days after the order to show cause has issued, the trial court must then hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).)

## II.    Analysis

Defendant previously conceded the plain language of former section 1170.95 did not provide him with an avenue for relief because he was convicted of attempted murder. However, he argued due process and equal protection principles required extension of the remedial procedure provided for in section 1170.95 to defendants convicted of attempted murder under the natural and probable consequences doctrine. Now, with the passage of Senate Bill 775, the parties agree defendant is entitled to a remand for the trial court to reconsider his petition. We agree with the parties.

Under the plain language of amended section 1170.95, defendant, who pled guilty to attempted murder in lieu of going to trial, may seek relief through the petitioning procedure provided therein. And neither party argues, nor can we conclude, the record before us conclusively establishes defendant is otherwise categorically ineligible for relief. Thus, defendant is entitled to a remand for the trial court to reconsider his petition in light of the new legislation. On remand, defendant is entitled to the appointment of counsel during the continued petition proceedings and the trial court must determine whether he has stated a prima facie case for relief under section 1170.95. (§ 1170.95, subd. (c).) If the court finds a prima facie case is stated, it shall issue an order to show

5.

cause and hold a hearing "to determine whether to vacate the … attempted murder conviction and to recall the sentence and resentence [defendant] on any remaining counts in the same manner as if [he] had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).) We express no opinion as to the appropriate outcome of any further proceedings.

## DISPOSITION

We reverse the court's order denying defendant's petition and remand for further proceedings consistent with section 1170.95, as amended by Senate Bill 775.